IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERMAN B. CRUTCHER, | : | Civil No. 3:21-cv-287 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| E. BRADLEY, WARDEN, | : | |
| Respondent | : | |

FILED
SCRANTON

OCT 1 3 2021

PER _____ /s/ _____
DEPUTY CLERK

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Sherman B. Crutcher ("Crutcher"), a federal inmate incarcerated at the United States Penitentiary, Canaan, in Waymart, Pennsylvania. Crutcher seeks a 357-day credit for time served pursuant to his Tribal Court sentence. (*Id.*). The petition is ripe for disposition and, for the reasons that follow, will be dismissed.

I.   **Background**

Following his April 14, 2016, guilty plea to battery and aggravated battery, in the Shoshone-Paiute Tribal Court of the Duck Valley Indian Reservation in Idaho and Nevada, Crutcher received a sentence of 365 days in jail, with 53 days of jail credit. (Doc. 5-1, p. 6, *Shoshone-Paiute Tribes v. Crutcher*, Nos. CR-2016-018, CR-2016-025). On December 8, 2016, after he served approximately 270 days of his sentence, the Tribal Court ordered Crutcher released on parole. (*Id.* at pp. 7-8).

On March 8, 2017, a federal grand jury in the District of Nevada indicted Crutcher for assault resulting in serious bodily injury. (*Id.* at pp. 9-10, *United States v. Crutcher*, No. 3:17-CR-27 (D. Nev.)). Crutcher pled guilty to the charge and the district court sentenced him to a term of imprisonment of 108 months. *See United States v. Crutcher*, 753 F. App'x 469, 469 (9th Cir. 2019). He appealed his sentence to the Ninth Circuit Court of Appeals. *See id.* On appeal, the Ninth Circuit vacated the sentence and remanded to the district court. *Id.* On July 1, 2019, the district court reduced Crutcher's prison sentence to 82 months. (Doc. 5-1, pp. 11-12).

Crutcher filed the instant petition on January 14, 2021. (Doc. 1). He argues that the time he served on his Tribal Court sentences should be credited against his federal sentence. (*Id.* at pp. 6-7).

## II. Discussion

A habeas petition under § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement", *Presser v. Rodriguez*, 411 U.S. 475, 494 (1973), or the "execution" of his confinement, *Woodall v. Fed. BOP*, 432 F.3d 235, 241-42 (3d Cir. 2005). A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Respondent seeks to dismiss the instant petition based on Crutcher's failure to exhaust administrative remedies prior to seeking review in federal court. (Doc. 5). Despite

the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*)). However, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The Bureau of Prisons ("BOP") has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (2005)). If an issue raised by the inmate cannot be resolved through this

3

administrative remedy system, the BOP will refer the inmate to appropriate statutorily mandated procedures. 28 C.F.R. § 542.10(c). The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence and the Warden shall provide a response within twenty calendar days. 28 C.F.R. §§ 542.14, 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. 28 C.F.R. § 542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. 28 C.F.R. § 542.15(a). No administrative remedy appeal is considered fully exhausted until reviewed by the BOP's Central Office. 28 C.F.R. § 542.15(a).

    The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). (Doc. 5-1, pp. 1-2, Declaration of BOP Attorney Advisor Drew O. Inman, ¶ 4). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which

4

allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief. (*Id.* at p. 2 ¶ 7).

Crutcher's Administrative Remedy Generalized Retrieval report indicates that he did not pursue any administrative relief with respect to the claims in the instant habeas petition. (*Id.* at p. 2 ¶ 8; Doc. 5-1, pp. 18-20, Administrative Remedy Generalized Retrieval). Crutcher does not dispute that he commenced the instant action without first exhausting the BOP's administrative remedy procedure. (Doc. 1, pp. 2-3). Crutcher has not alleged any facts that would permit a finding that exhaustion would have been futile, he has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Absent proper exhaustion, Crutcher's claims are procedurally defaulted, and the habeas petition must be dismissed. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Crutcher to invoke the judicial process despite failing to complete administrative review.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October 8, 2021